UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NADINE M. DOWNER,
    Plaintiff,

Case No. 17-12078

v.

HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,
    Defendant.
_____/

# DECISION REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDEGEMENT (DOC. 12) BE GRANTED, AND PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT (DOC. 11) BE DENIED, AND AWARDING PLAINTIFF BENEFITS.

This is a social security case. A magistrate judge recommends that the decision by the Commissioner of Social Security denying plaintiff's claim for disability benefits and supplemental security income benefits be affirmed and therefor defendant's motion for summary judgement (Doc. 12) be granted and plaintiff's motion for summer judgement (Doc. 11) be denied: The Court disagrees. The plaintiff's motion is GRANTED and the defendant's motion is DENIED. This case is REMANDED to the Commissioner for an award of benefits.

II.

The record before the Court consists of:

- The administrative record.

- Plaintiff's motion and memoranda in support of summary judgement for an award of benefits (Doc. 11).

- Defendant's motion for summary judgement (Doc. 12).

- The magistrate judge's report and recommendation on the cross motions for summary judgement (Doc. 13).

- Plaintiff's objections to the report and recommendation (Doc. 14).

- Defendant's response to plaintiff's objection (Doc. 15).

III.

Basically, plaintiff claims she is disabled and unable to work because of multiple sclerosis, low back impairment, and needles in her legs. The administrative law judge found that while plaintiff is not able to perform past relevant work, considering her age, education, work experience and residual functional capacity there are jobs that exist in significant number in the national economy that plaintiff can perform. To reach this conclusion, the administrative law judge had to find three doctors' reports as not credible, the plaintiff not credible, and a vocational expert who expressed a minimalist opinion credible. The Court disagrees.

After review of the administrative record and the briefs filed in this case, the Court is satisfied that the administrative law judge erred as did the magistrate judge in concluding the plaintiff was not disabled. The Court can do no better than the plaintiff in the concluding portion of the memorandum in support of her motion for summary judgement (Doc. 11):

> "...[W]hile credibility determinations regarding subjective complaints rest with the ALJ, those determinations must be reasonable and supported by substantial

evidence. The decision in this case fails to "contain specific reasons for the finding on credibility, supported by the evidence in the case record," nor is it "sufficiently specific to make clear to the individual and to any subsequent reviews the weight the adjudicator gave to [claimant's] statements and the reasons for that weight." SSR 96-7p; *Tuohy v. Sec'y of Health and Human Servs.*, 34 F. 3d 1068 (6th Cir. 1994) (unpublished table decision) (noting Commissioner erred when there was little if any evidence contradicting treating physicians' opinions, other than Commissioner's personal opinion); *McBryde v. Sec'y of Health and Human Servs.*, 958 F. 2d 371 (6th Cir. 1992) ) (unpublished table decision) ("While the Commissioner is best placed to determine matters of credibility, the Commissioner may not arbitrarily reject the testimony of the scientific experts in the case on the ground that his own personal opinion leads to a contrary result.")"

"The ALJ specifically makes the finding in her decision that Plaintiff "would need a hand held devise for all ambulation" (Tr. 20). However, the ALJ's finding which uses the VE's testimony, is not in line with Social Security's regulations. SSR-96-9 states the occupational base for an individual who must use such a devise for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded. There are references in the file that Plaintiff had a "slightly unsteady gait" while prescribing her "a walker with a seat for distance walking" (Tr. 438). Indeed, the ALJ states in her hypothetical, the *[sic]* she requires the use of a cane for ambulation."

Simply put, the evidence of disability is clear and demonstrates claimant's entitlement to an award of benefits. Given the lengthy history of this case a remand would unnecessarily delay the ultimate outcome – a disability finding.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 16, 2018